**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-cv-24905-ALTMAN**

**JORGE AZCARRETAZABAL BETANCOURTH**,

*Petitioner*,

*v.*

**MULLLIN**, *et al.*,

*Respondents.*
_______________________________________/

## ORDER

The Petitioner, Jorge Azcarretazabal Betancourth, has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging his ongoing immigration detention by the Respondents. *See* Petition for Writ of Habeas Corpus (the "Petition") [ECF No. 5]. Azcarretazabal asks us to order his release from U.S. Immigration and Customs Enforcement ("ICE") custody or, alternatively, order the Respondents to provide him "a constitutionally adequate custody redetermination before an Immigration Judge[.]" Petition ¶ 98. The Respondents oppose the Petition because Azcarretazabal "has failed to exhaust administrative remedies[.]" Return to Petition for Writ of Habeas Corpus (the "Response") [ECF No. 9] at 2. After careful review, we **DISMISS** the Petition *without prejudice*.

### THE FACTS

Azcarretazabal is "a native and citizen of Cuba and a lawful permanent resident of the United States," who has lived here for "approximately forty-six years." Petition ¶ 1–2. In August 1999, he "was arrested for lewd and lascivious act on a child by an adult." Response at 2. He pled guilty to the charge and "was sentenced to five (5) years of probation." *Ibid.* "In 2003, the Department of Homeland Security (DHS) initiated removal proceedings" against Azcarretazabal, "charg[ing] him as deportable under INA § 237(a)(2)(A)(iii)," on the basis that his conviction "constituted an aggravated

felony involving sexual abuse of a minor." Petition ¶ 3. He was ordered removed to Cuba in November of that same year. *See* Response at 3. In March 2004, Azcarretazabal "was released from ICE custody on an order of supervision (OSUP)." *Ibid.* In September 2015, he filed a motion to "reopen his removal proceedings based on intervening developments in the law," which the Immigration Judge granted. Petition ¶ 4.

On October 25, 2025, Azcarretazabal was detained by ICE. *See* Response at 4. In February 2026, DHS "lodged an additional charge against [him] charging him as removable from the United States pursuant to 8 U.S.C. § 1227(a)(2)(E)(i) as an alien who at any time after admission was convicted of a crime [of] child abuse[.]" *Ibid.* Several months later, "DHS withdrew its original aggravated-felony charge and proceeded solely on the newly added child-abuse charge." Petition ¶ 6. On June 29, 2026, the Immigration Judge terminated Azcarretazabal's removal proceedings after finding that his "conviction of lewd assault act is not a crime of child abuse" and that he was therefore "not removable pursuant to 8 U.S.C. § 1227(a)(2)(E)(i)." Response at 5. On July 14, 2026, "DHS filed a timely appeal of the Immigration Judge's decision[.]" *Ibid.* As of the filing of the Response on August 10, 2026, Azcarretazabal "ha[d] not requested a custody redetermination hearing before the Immigration Court." *Ibid.* He "is currently detained at the Krome North Service Processing Center in Miami, Florida, pending the resolution of his removal proceedings." *Ibid.*

## THE LAW

Section 2241 allows district courts to grant relief to petitioners who are held "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). This jurisdiction extends to petitioners challenging their detention under our immigration laws. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## ANALYSIS

Azcarretazabal asserts three counts. *First*, he claims that the Respondents continue to "subject[ ] him to mandatory detention under § 1226(c)," when he should instead "be treated as detained under § 1226(a) and afforded an immediate individualized bond determination." Petition ¶¶ 70, 72. *Second*, he alleges that his "prolonged detention without a meaningful individualized custody determination violates the Due Process Clause of the Fifth Amendment." *Id.* ¶ 83. *Third*, he contends that he hasn't been afforded "a bond hearing or other meaningful custody determination . . . to establish that continued confinement remains necessary to prevent flight or protect the community," in violation of his due-process rights. *Id.* ¶ 89. The Respondents agree that § 1226(a) governs Azcarretazabal's detention but argue that "the Petition should be denied on account of [his] failure to exhaust administrative remedies." Response at 7. We agree.

The Supreme Court "has required exhaustion of alternative remedies before a prisoner can seek federal habeas relief." *Boumediene v. Bush*, 553 U.S. 723, 793 (2008); *see also Santiago-Lugo v. Warden*, 785 F.3d 467, 474–75 (11th Cir. 2015) ("It is no longer the law of this circuit that exhaustion of administrative remedies is a jurisdictional requirement in a § 2241 proceeding . . . . But] [t]he exhaustion requirement is still a requirement; it's just not a jurisdictional one."). The Respondents have raised exhaustion here, alleging that Azcarretazabal "has not availed himself of the administrative remedies available to him by seeking an Immigration Judge's consideration of release on bond as permitted by 8 U.S.C. § 1226(a)." Response at 6. The Respondents point out that "[Azcarretazabal's] request for custody redetermination by an Immigration [Judge] would [ ] render this lawsuit moot[,]" and that "even if the Immigration Judge were to deny [his] release on bond," he could appeal that denial to the Board of Immigration Appeals, which "has authority to review an Immigration Judge's custody determinations – including on Constitutional due process grounds." *Ibid.*; *see also* 8 C.F.R. § 1003.19(f) ("The determination of an Immigration Judge with respect to custody status or bond redetermination

. . . [may be] appeal[ed] . . . to the Board of Immigration Appeals pursuant to § 1003.38." (cleaned up)).

Azcarretazabal doesn't dispute that he's failed to exhaust his administrative remedies, nor does he claim that any such relief would be futile. And, where the Respondents properly raise the defense, we can't simply "disregard a failure to exhaust and grant relief on the merits." *Santiago-Lugo*, 785 F.3d at 475; *see also Leiva v. Miami*, 2026 WL 2771882, at *1 (S.D. Fla. Sept. 17, 2026) (Altman, J.) (denying habeas petition where the petitioner failed to exhaust his administrative remedies and didn't press a futility argument). Accordingly, we'll dismiss this Petition without prejudice and invite Azcarretazabal to refile his Petition if—after exhausting the required administrative channels—he remains without proper relief.

*    *    *

After careful review, we **ORDER AND ADJUDGE** that Jorge Azcarretazabal Betancourth's Petition for Writ of Habeas Corpus [ECF No. 5] is **DISMISSED without prejudice**. All pending motions are **DENIED as moot**, and all deadlines are **TERMINATED**. The Clerk shall **CLOSE** this case.

**DONE AND ORDERED** in the Southern District of Florida on October 26, 2026.

**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record

Noticing INS Attorney
Email: usafls-immigration@usdoj.gov